**Michael A. S. MAKRIS,
Petitioner-Appellant,**

v.

**UNITED STATES BUREAU OF PRISONS et al., Respondents-Appellees.**

No. 79–2058
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1979.

Rehearing and Rehearing En Banc
Denied Dec. 20, 1979.

Victor Makris, Houston, Tex., for petitioner-appellant.

Arnaldo N. Cavazos, Jr., Asst. U. S. Atty., Dallas, Tex., for respondents-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Michael A. S. Makris appeals from the district court's denial of his 28 U.S.C. § 2241 (1976) petition for habeas corpus. He contends he is entitled to procedural due process before he may be classified as a Central Monitoring Case (CMC) by federal penal authorities. We reject his argument and affirm.

Makris is currently an inmate at the Fort Worth Federal Correctional Institution, where he is serving a four year sentence pursuant to a perjury conviction, 18 U.S.C. § 1621 (1976). His conviction arose out of a highly publicized Texas securities fraud scheme. Makris was notified in 1977 that due to the nature of his offense and the high publicity surrounding it he was being placed in the Inmate Central Monitoring System (CMS). Makris challenged this designation, and, after exhausting his administrative remedies, brought the instant habeas corpus action in an effort to void his CMC status.

The CMS, and the CMC status to which it gives rise, was created to deal with inmates who create special problems, whether due to high security risks or the notoriety of their offenses. A CMC inmate may not be transferred between penal institutions, approved for furlough, or allowed to participate in

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

community activities without the approval of both the institution in which he is incarcerated and the Central Office of the Bureau of Prisons in Washington, D. C.;[1] ordinary inmates merely have to obtain the approval of the individual institution. Makris argues that before he can be classified as a CMC—thereby having his access to transfer, furlough, and community activities somewhat restricted—he must be accorded the full panoply of procedural due process rights.

The district court based its denial of Makris's claim on *Solomon v. Benson,* 563 F.2d 339 (7th Cir. 1977), where the Seventh Circuit held that procedural due process did not apply to an inmate's classification as a special offender (the predecessor to CMC classification, *id.* at 339–40 n.1). *Accord, Mayo v. Sigler,* 428 F.Supp. 1343, 1349–50 (N.D.Ga.1977). We agree that *Solomon v. Benson* properly decided the legal issue underlying Makris's claim. *Solomon* was based upon the Supreme Court's decision in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), where the Court observed that due process standards need not be applied in every prisoner classification situation. *Id.* at 88 n.9, 97 S.Ct. at 279. The rationale of *Moody* was recently reaffirmed in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* —— U.S. ——, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), where the Court held that the mere possibility of parole is not a protected liberty interest. *Id.* at ——, 99 S.Ct. at 2104–05. *See Shahid v. Crawford,* 599 F.2d 666, 670 (5th Cir. 1979). The Seventh Circuit's opinion in *Solomon v. Benson* is both thorough and well-reasoned, and we adopt its holding without further discussion.

We have considered *Polizzi v. Sigler,* 564 F.2d 792 (8th Cir. 1977), which was decided some twenty-one days after *Solomon v. Benson* and held that due process protections must be accorded an inmate classified as a special offender (or CMC). We note, however, that *Polizzi* based its holding on

*Holmes v. United States Board of Parole,* 541 F.2d 1243 (7th Cir. 1976), and *Cardaropoli v. Norton,* 523 F.2d 990 (2d Cir. 1975). *Holmes* was overruled specifically in *Solomon v. Benson,* and *Cardaropoli* was questioned severely in that case. 563 F.2d at 343 n.6. Moreover, *Polizzi* failed to consider the impact of *Moody v. Daggett* in this area. Accordingly, we find the holding in *Polizzi* unpersuasive. *See Smaldone v. United States,* 458 F.Supp. 1000, 1006–07 (D.Kan.1978).

Because of our holding that procedural due process standards do not apply to a CMC classification, we need not determine whether the notice and other procedural safeguards provided Makris and other inmates prior to the invocation of CMC status against them meet such standards. *Cf. Polizzi v. Sigler,* 564 F.2d at 798–99. The judgment of the district court is

AFFIRMED.

---

1. The CMS was created by Bureau of Prisons Policy Statement No. 7900.53 (April 7, 1976), subsequently replaced by Bureau of Prisons Policy Statement No. 7900.53A (Dec. 1, 1977).

